IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TUNDE S. LOCSKAI,                          :
                                           :
              Plaintiff                    :
                                           :
     vs.                                   : CIVIL ACTION NO. 3:CV-05-636
                                           : (CHIEF JUDGE VANASKIE)
U.S. DEPARTMENT OF JUSTICE                 :
DRUG ENFORCEMENT                           :
ADMINISTRATION,                            :
                                           :
              Defendant                    :

## ORDER

November 9, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 3, 2004, pro se Plaintiff Tunde S. Locskai commenced this civil rights

action by filing a complaint in the United States District Court for the Southern District of New

York.  (Dkt. Entry 2.)  Named as Defendants were the United States Department of Justice Drug

Enforcement Administration, Drug Administration Agent Jonathan W. Raike, and United States

Department of Justice Federal Bureau of Prisons.  (Id.)  Plaintiff alleged in her complaint that

Defendants were responsible for her mother's death, her father's health and treatment in prison,

and her family's suffering.  (Id.)  By Order dated March 21, 2005, Chief Judge Michael B.

Mukasey directed this case be transferred to this Court.  (Dkt. Entry 1.)  Judge Mukasey

reasoned that Plaintiff's allegations would be liberally construed to present a claim under the

Federal Torts Claims Act, 28 U.S.C. § 2679(b)(1), with venue being proper either in the judicial district where the plaintiff resided or where the alleged actionable acts or omissions occurred. 28 U.S.C. § 1402(b).  (Id.)  Finding no allegation that Plaintiff resided in the Southern District of New York, and observing that all of the conduct alleged by Plaintiff occurred within this District, Chief Judge Mukasey directed that the action be transferred to this Court.

In a letter dated April 6, 2005, this Court advised Plaintiff of the importance of effecting service of process in a timely manner.  (Dkt. Entry 4.)  In the letter, this Court stated that, should the Plaintiff be unable to effect service by May 5, 2005, she should submit a status report discussing the reasons and intended course of action.  (Id.)  Furthermore, this Court referred Plaintiff to Rule 4 of the Federal Rules of Civil Procedure, in particular subpart (i).  (Id.)

In a letter dated April 14, 2005, Plaintiff requested an extension of time to effect service of process due to difficulty retaining counsel.   (Dkt. Entry 6.)  On April 20, 2005, this Court issued an Order directing Plaintiff to effect service of process by July 5, 2005.  (Dkt. Entry 5.)  On June 21, 2005, Plaintiff filed returns of service.  (Dkt. Entry 7, 8, 9.)  Plaintiff provided documentation that she had submitted the original complaint, dated December 1, 2004, and the summons, dated April 5, 2005, by certified mail to the three defendants in this case: United States Department of Justice Drug Enforcement Administration (Dkt. Entry 7), Drug Enforcement Administration Agent Jonathan W. Raike (Dkt. Entry 8), and United States Department of Justice Federal Bureau of Prisons. (Dkt. Entry 9.)  The summons stated that Defendants must answer

2

the complaint within twenty (20) days after service.  (Dkt. Entry 7, 8, 9.)

There is no record that Defendants have responded to the Complaint.  Nor has Plaintiff taken any steps to advance this litigation.  As such, the status of the action was reviewed by the Court, and it is clear that Defendants have not been properly served so as to impose on them an obligation to respond to the Complaint.

Federal Rule of Civil Procedure Rule 4(i)(2)(A) states:

> Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.  FED. R. CIV. P. 4(i)(2)(A).

Rule 4(i)(2)(A) governs service of each of three named defendants.  While Plaintiff sent a copy of the summons and complaint by certified mail to the three defendants, as required by Rule 4(i)(2)(A), Plaintiff failed to effect service on the United States pursuant to Rule 4(i)(1), also required by Rule (i)(2)(A).  Under Federal Rule of Civil Procedure Rule 4(i)(1), a copy of the summons and the complaint must be served on the United States Attorney for the district in which the action was brought, or a representative thereof, and also on the Attorney General of the United States.  Rule 4(i)(1)(A) and (B) state:

> (1) Service upon the United States shall be effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought, or to an assistant United States attorney or clerical employee designated by the United States

3

attorney in a writing filed with the clerk of the court, or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

There is no record of Plaintiff delivering or sending the summons and complaint to the U.S. Attorney's office for the Middle District of Pennsylvania or to the Attorney General of the United States.

Plaintiff has failed to properly effect service of process within 120 days of the filing of the action in this Court as required by Rule 4(m) of the Federal Rules of Civil Procedure.  Under Rule 4(m):

[T]he Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. FED. R. CIV. P. 4(m).

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Within fifteen (15) days from the date of this Order, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to effect service of process within 120 days of the issuance of the summonses.

2.  Failure of Plaintiff to respond to this Order within (15) days shall result in dismissal of this action, without prejudice.

4

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania